COOMBS v. BARGER.

No. 6348.  Decided August 22, 1941.  (116 P. 2d 390.)

S. E. Tanner, N. J. Bates, of Richfield, and *Parnell Black,* of Salt Lake City, for appellant.

*Henry E. Beal* and *T. A. Hunt,* both of Richfield, for respondent.

MOFFAT, Chief Justice.

The issue in this case involves an election contest as to whether contestant Coombs or contestee, Barger, is entitled to hold the office of the four year term county commissioner of Wayne County, Utah.

The gist of contestant's complaint is that in the Teasdale District of Wayne County, State of Utah, at the election held on the 5th day of November, 1940, the judges of the election certified that George L. Coombs received 80 votes and Lorin S. Barger received 14 votes and that there were seven votes rejected by the judges of that district because they were marked ballots. It is then alleged that the seven rejected votes were cast for George L. Coombs and that none of the seven votes were so marked or mutilated as to justify the rejection of any of them. It is further alleged:

"That if the said ballots so illegally rejected had been counted the total vote cast at said election for said office of four year county Commissioner of Wayne County, State of Utah, would show the fact to be, and this contestant so alleges, that George L. Coombs had a majority of the votes over the said Lorin S. Barger and the results of said election would be changed and the said George L. Coombs would be found and declared to be elected to said office."

Allegations of malconduct, fraud and errors of the judges of election were made. No attempt was made to prove them.

The evidence shows that Alexander C. Clark was one of the judges of election in Teasdale precinct, Wayne County, Utah, at the 1940 general election. This precinct is the only one attacked in the contest. He was designated by the judges of election to deliver the ballots and election returns to the County Clerk. He delivered them about four o'clock in the morning to George T. Eckersley (husband of the county clerk) at the home of the County Clerk at Loa. The clerk did not see them until sometime later in the morning. The clerk gathered up the ballots with others which had been delivered to her home from other precincts and took them to the Clerk's office at the court house and placed them in the vault.

An interested political worker, having learned of a statement made by one of the judges of election that a number of marked or destroyed ballots had been rejected or not counted, went to the County Clerk's Office and made the rumor known. Thereupon the political worker and two office holders, viz., the County Clerk and the County Treasurer, whose office adjoins that of the clerk, on the morning after the election, opened and examined the ballots of the reported district to see why the ballots had been rejected.

The ballots were examined by breaking the sealed envelope containing the ballots from the Teasdale district. The package was resealed and placed in the vault and with other ballots and election supplies stacked upon the floor. The evidence discloses that unauthorized persons had access to the vault where the election returns and supplies were stored. However, the contestee rests his case solely upon the ground that under the proof the ballots were inadmissible as evidence.

Preserving sealed election returns is a mandatory provision of the election law. The question here presents the simple issue as to whether the ballots should have been received in evidence after it had been shown by the testimony that the seal of the package had been broken and the ballots examined by persons interested in the election

result. This testimony was given by the lawful custodian. Such action was a violation of the law, notwithstanding the evidence that no ballot had been changed. The circumstance presents a situation in which a contestee has hardly a possible method of meeting the evidence of the parties who broke the seal and examined the ballots. Rumors that an erroneous though not fraudulent action had been taken by the judges of election cannot justify interested parties going to the clerk and there being permitted to have the ballots examined contrary to the express provisions of the statute.

This court heretofore committed itself to the position that if it is shown that ballots have been kept in such a way that unauthorized persons had access to them they were not admissible in evidence on contest. *Farrell* v. *Larsen,* 26 Utah 283, 73 P. 227. It was so held in construing what is now Section 25-6-36, Revised Statutes of Utah, 1933, which provides:

> "The sealed packages must before the judges adjourn be delivered to one of their number, to be determined by lot unless otherwise agreed upon. The judge to whom such packages are delivered must, within twenty-four hours, deliver them without their having been opened to the county clerk, city recorder or town clerk, as the case may be."

In the instant case, it is not only shown that unauthorized persons had access to the place where the ballots were; but it is admitted by the County Clerk that she, the County Treasurer and another unauthorized person opened the envelope or package containing the ballots and examined them. This may have been an ignorant violation of the law but it was deliberate.

Illustrating the precautions against any such action are the provisions of Sec. 25-6-34, R. S. U. 1933, which provides:

> "Each of the judges must write his name across the seals of the envelope or covers, and must mark on the exterior of the same the word 'ballots' or 'returns' or 'unused ballots,' or other words plainly indicating the contents of the packages, and the number of the election district."

The writing of the names of the judges of election "across the seals" is a precaution taken against the possibility of breaking the seals and tampering with the returns without evidencing such action. Sec. 25-6-38, provides:

"Upon receipt of the packages the clerks or recorder, must file the one containing the ballots, and *must keep it unopened and unaltered for twelve months;* after which time, if there is not a contest commenced in some tribunal having jurisdiction, he must burn the package without opening or examining the contents." (Italics added.)

Section 25-6-39, provides:

"If within twelve months there is such a contest commenced, *he must keep the package unopened and unaltered* until it is finally determined; when he must destroy it as provided in the preceding section, *unless such package is by virtue of an order of the tribunal in which the contest is pending brought and opened before it,* to the end that evidence may be had of its contents. In that event the package and its contents shall be in the custody of such tribunal." (Italics added.)

Considering the statutes and the case of *Farrell* v. *Larsen,* supra, which we regard as decisive in this case, the ballots in the envelopes shown to have been opened, under the evidence were not admissible. This leaves the contestee with a majority of the votes cast for the office, as certified by the judges of election. He is the lawful holder of the said office.

The cause is reversed and remanded with directions to the court to vacate the order and judgment, set aside the findings and enter an order declaring Lorin S. Barger to have been duly elected to the office of the four year term of county commissioner of Wayne County, Utah. Costs to appellant.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.